**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| NUTRITION CORP, INC. | Case No. 1:24-bk-01672 |
| Debtor. | |

**DEBTOR'S (I) RESPONSE TO UNTIED STATES TRUSTEE'S MOTION TO DISMISS
PURSUANT TO 11 U.S.C. § 707(A)(3) AND (II) REQUEST FOR EXTENSION OF TIME
TO FILE CREDITOR MATRIX, SCHEDULES, STATEMENT OF FINANCIAL
AFFAIRS AND OTHER FILINGS REQUIRED UNDER 11 U.S.C. § 521(A) AND
BANKRUPTCY RULE 1007**

Debtor Nutrition Corp, Inc. (the "Debtor") files this response ("Response and Request for Extension") to the United States Trustee's motion to dismiss this case pursuant to 11 U.S.C. § 707(a)(3) for failure to file a complete list of creditors (the "Motion to Dismiss") and requests an extension of time until July 31, 2024, for the Debtor to file a creditor matrix, schedules, statement of financial affairs and other filings required under 11 U.S.C. § 521(a) and Rule 1007 of the Federal Rules of Bankruptcy Procedure (collectively, the "Matrix and Schedules").

As described below, good cause supports the Debtor's request. On the Petition Date, the Debtor did not have access to its Quickbooks financials so it could not prepare the Matrix and Schedules. The Debtor's situation was such that it could not wait 1-2 weeks until the Quickbooks situation was resolved to file its petition. The Debtor has regained access to Quickbooks and is now in the process of preparing and filing the Matrix and Schedules. The Debtor has been in constant communication with the chapter 7 trustee during this process, and the chapter 7 trustee has indicated she does not object to the extension of time sought herein.

## FACTUAL BACKGROUND

1. Prior to filing this case, the Debtor prepared and delivered organically-sourced, fresh meals to individual consumers nationwide. Unlike other meal kit delivery services which require cooking and cleaning, the Debtor's meals were delivered ready to eat. The Debtor's food manufacturing facility was located in Moosic, Pennsylvania, and the Debtor was headquartered in Anaheim, California.

2. For a variety of reasons, the Debtor began facing financial difficulties, which culminated in the Debtor being unable to fund its operations without outside financing. In the weeks before this bankruptcy filing, the Debtor and other parties in interest worked diligently to find a solution that would save the company. Unfortunately, the Debtor's cash position was such that before a solution was reached the Debtor was unable to fund payroll, forcing the Debtor to abruptly file this bankruptcy case on July 8, 2024 (the "Petition Date").

3. Prior to the Petition Date, the Debtor used Quickbooks to manage its financials, including using Quickbooks to store all information about the Debtor's creditors, assets, liabilities and recent payments. Shortly before the Petition Date, the Debtor's Quickbooks was shut down for non-payment. On the Petition Date, the Debtor did not have full access to the funds in its bank account to pay the balance required to turn on Quickbooks and prepare the Matrix and Schedules. Certain employees of the Debtor with the needed access to Quickbooks had also left the company immediately prior to the filing, making access difficult once payment was made. When the Debtor filed the petitions, it anticipated that it would imminently regain access to Quickbooks and be able to file the Matrix and Schedules shortly after the Petition Date. However, due to the Debtor's inability to fund operations, the nature of the Debtor's assets and the need to immediately preserve

those assets and maximize their value for the benefit of creditors, the Debtor could not wait 1-2 weeks to file its bankruptcy case while it resolved the Quickbooks issue.

4.     As soon as a chapter 7 trustee was appointed, counsel for the Debtor contacted the chapter 7 trustee to provide background on the case, explain why the Matrix and Schedules were not filed, explain what the Debtor was doing to get access to Quickbooks and offer solutions to have the Matrix and Schedules prepared in a timely manner.  Counsel for the Debtor has been providing the chapter 7 trustee with regular updates on the status of the Matrix and Schedules and will continue to do so until they are filed.

5.     The Debtor has now regained access to Quickbooks and is working on preparing the Matrix and Schedules.  The Debtor anticipates having the Matrix and Schedules on file by no later than July 31, 2024.  Accordingly, the Debtor requests this case not be dismissed and that the Debtor be granted an extension of time, until July 31, 2024, to file the Matrix and Schedules.

**LAW AND ARGUMENT**

6.     Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007 provide that a debtor must file certain documents with or shortly after filing a voluntary petition, including the Matrix and Schedules.  *See* 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(a), (b), (c).

7.     Bankruptcy Rule 1007 also provides that an extension of time for filing the Matrix and Schedules may be granted on a motion for cause shown and on notice to the United States Trustee, any committee elected under § 705 or appointed under § 1102 of the Code, or other party as the court may direct.  *See* Fed. R. Bankr. P. 1007(a)(5), (c).

8.     Here, good cause supports the Debtor's request for an extension of time to file the Matrix and Schedules.  The Debtor uses Quickbooks to manage all of its financial information. The Debtor's Quickbooks access was shut down shortly prior to the Petition Date so the Debtor

did not have access to the information it needed to file the Matrix and Schedules on the Petition Date. Unfortunately, due to the Debtor's inability to fund operations, the nature of the Debtor's assets and the need to immediately preserve those assets and maximize their value for the benefit of creditors, the Debtor could not wait 1-2 weeks to file its bankruptcy case while it resolved the Quickbooks issue. Now, the Debtor has now regained access to Quickbooks and is working on preparing the Matrix and Schedules. The Debtor anticipates filing the Matrix and Schedules by no later than July 31, 2024.

9. The Debtor has discussed the relief requested in this Response and Request with the chapter 7 trustee. The chapter 7 trustee does not object to the relief sought by the Debtor.

**WHEREFORE**, the Debtor respectfully requests that this case not be dismissed, that the Debtor be granted an extension of time until July 31, 2024 to file the Matrix and Schedules, and for such other and further relief as this Court deems just and proper.

Dated: July 23, 2024

**BAKER & HOSTETLER LLP**

By: */s/ Robert E. Bittner*
Robert E. Bittner (No. 78480)
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: 215.568.3100
Email: rbittner@bakerlaw.com

*Counsel for Debtor*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on July 23, 2024, the foregoing was served via the

Court's CM/ECF system to the parties on the Court's electronic mail notice list as of the date

hereof.

> */s/ Robert E. Bittner*
> Robert E. Bittner (No. 78480)
> 1735 Market Street, Suite 3300
> Philadelphia, PA 19103
> Telephone: 215.568.3100
> Email: rbittner@bakerlaw.com
> *Counsel for Debtor*