IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                              CHAPTER 7

NUTRITION CORP, INC. and                            CASE NOS: 24-bk-01672 HWV;

_____/

### *EX PARTE* MOTION FOR *PRO HAC VICE ADMISSION*

Thomas J. MacNeely, an attorney in good standing in the Commonwealth of Pennsylvania and in the United States Bankruptcy Court for the Middle District of Pennsylvania, hereby moves for an order permitting Travis Comstock, a shareholder at Giarmarco, Mullins & Horton, to appear *pro hac vice* in the above captioned bankruptcy case on behalf of Pathward, National Association, and in supports states as follows:

1. The motion is made pursuant to Local Rule 2090-1(b) of the Local Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania.

2. Travis Comstock is a member of good standing the State Bar of Michigan as well as the U.S. District Court for the Eastern and Western District of Michigan, the U.S. Bankruptcy Courts for the Eastern and Western Districts of Michigan, and U.S. Court of Appeals for the Sixth Circuit. He has also previously been granted *pro hac* admission in this Court (Case No. 23-bk-00432) and other jurisdictions such as the bankruptcy courts for Tennessee, Kentucky, and North Carolina.

3. There are no disciplinary proceedings pending against Travis Comstock in any jurisdiction.

4. Travis Comstock has access to and is generally familiar with the Local Rules of this Court.

5. The purpose of the request is to represent a Michigan creditor in the bankruptcy for the limited purpose of filing a motion for relief from the automatic stay.

6. Pathward, National Association is creditor of the Debtor. The Debtor agreed through a financing agreement date January 5, 2023, secured by a UCC-1 financing statement, to lease various food preparation equipment for the total amount of $670,452.20. The Debtor agreed to pay $5,316.89 monthly under the financing agreement. As of the petition date the Debtor was in default and owed Pathward $110,626.34 in unpaid lease payments. Pathward is entitled to recover a total of $685,812.77 as of the petition date.

7. In addition, the Debtor entered into a second financing agreement related to equipment leased from a third party. The Debtor granted Pathward a purchase money security interest in this additional equipment. The Debtor defaulted on those lease payments pre-petition as well. Pathward is entitled to recover $349,092.89 under this financing agreement.

8. Because the motion does not present a contested issue and is one for *pro hac* admission, it may be made on an *ex parte* basis. Local Rule 9003-1(f).

9. Notice of this *ex parte* motion has been served upon the attorneys for the Debtor and the United States Trustee. Undersigned counsel requests that the Court find that such notice is sufficient.

WHEREFORE Thomas J. MacNeely respectfully requests that this Court enter an Order authorizing Travis Comstock to appear and be heard *pro hac vice* as counsel for Pathward, National Association.

                ROSENN, JENKINS & GREENWALD, LLP

        BY:    /s/ Thomas J. MacNeely
                    Thomas J. MacNeely, Esquire
                    Atty. I.D. 78044
                    Cross Creek Pointe
                    1065 Highway 315, Suite 200
                    Wilkes-Barre, PA 18702
                    Ph: 570-826-5678
                    tmacneely@rjglaw.com

Dated: July 25, 2024

3

Case 1:24-bk-01672-HWV   Doc 16   Filed 07/25/24   Entered 07/25/24 11:33:44   Desc
Main Document    Page 3 of 3