IN THE UNITED SATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NUTRITION CORP, INC.** | : | 1-24-BK-01672 |
| d/b/a **FRESHNLEAN** | : | |
| | : | |
| **Debtor** | : | Chapter 7 |
| | : | |
| **EMERALD ISLE NORTH, LLC** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | |
| | : | |
| **NUTRITION CORP, INC.** | : | |
| d/b/a/ **FRESH N LEAN**, and | : | |
| **KARA K. GENDRON,** | : | |
| Chapter 7 Trustee | : | |
| **Respondents** | : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW COMES, Emerald Isle North, LLC ("Emerald Isle North"), by and through undersigned counsel, seeks relief from the automatic stay to assert its rights as the holder of a warehouse lien and/or as the holder of abandoned property located at its warehouse facility. Emeral Isle North asserts the following in support:

1. Emerald Isle North is a Pennsylvania Limited Liability Company with a principal place of business at 130 Monahan Avenue, Scranton, PA 18512.

1

2. Emerald Isle North is engaged in the business of storing goods for hire and is, *inter alia*, a warehouser pursuant to Pennsylvania law and the Uniform Commercial Code. *See* 13 Pa. C.S.A. § 7201; Uniform Commercial Code § 7-102(13).

3. In February 2023, Emerald Isle North responded to a request for bids from Debtor Nutrition Corp, Inc., d/b/a Fresh N Lean (FEIN: 45-1060594) ("Fresh N Lean") to serve as its commercial warehouser in Carbondale, Pennsylvania.

4. Emerald Isle North and Fresh N Lean reached agreement on the material terms of the parties' warehousing arrangement (the "Warehousing Agreement"), and the parties thereafter began performance. A true and correct copy of the pertinent correspondence between the parties inclusive of the terms agreed is attached hereto as Exhibit A.

5. Emerald Isle North's warehouse facility consists of a building and related storage facilities located within the Middle District of Pennsylvania at 1 Electric Street, Carbondale, Pennsylvania 18407.

6. Pursuant to the Warehousing Agreement, Fresh N Lean agreed, *inter alia*, to an initial monthly storage rate of $6,825.00 plus a schedule of costs for services expected to be required by Fresh N Lean.

7. In February of 2023, Fresh N Lean moved goods to Emerald Isle North's warehouse facility pursuant to the Warehousing Agreement.

8. Emerald Isle North warehoused Fresh N Lean's goods and issued invoices pursuant to the Warehousing Agreement which created, *inter alia*, a warehouseman's lien by operation of law. *See* 13 Pa. C.S.A. §§ 7201-7210; *see* attached as Exhibit B.

9. Pursuant to the Warehousing Agreement, Fresh N Lean paid Emerald Isle North a prorated storage fee for February 2023 and thereafter paid in full for March of 2023.

10. In subsequent months, Fresh N Lean failed to make the required payments under the Warehousing Agreement.

11. In June and September 2023, Fresh N Lean issued checks that were returned for insufficient funds.

12. Despite commercially reasonable and diligent efforts by Emerald Isle North to work with Fresh N Lean so that it could bring current and honor its obligations, Fresh N Lean continued to miss payments under the Warehousing Agreement and to miss agreed weekly "catch-up" payments in the amount of $4,000 beginning July 21, 2023.

13. On October 27, 2023, Emerald Isle North notified Fresh N Lean, *inter alia*, that it would increase the monthly storage fee to $12,500.00 starting the following month, that interest would be charged on past due amounts, and that

Emerald Isle North intended to exercise its rights as the holder of a warehouseman's lien.

14. Fresh N Lean subsequently bounced checks intended for Emerald Isle North in November 2023 and December 2023. *See, e.g.,* Exhibit C

15. On December 18, 2023, Emerald Isle North wrote to Fresh N Lean, providing further notice of non-payment, calling on Fresh N Lean to satisfy its obligations, and confirming that Emerald Isle North was left with no choice but to declare the property abandoned.

16. In a letter dated January 23, 2024, counsel for Fresh N Lean conceded that there was an outstanding debt owed by Fresh N Lean to Emerald Isle North, argued improperly that there had been no notice of the storage rate increase, disputed the warehouse lien, and demanded a reasonable opportunity to promptly repay the balance and retrieve the property.

17. In response to a request from Fresh N Lean in March 2024, Emerald Isle North confirmed that the property was either abandoned or that Fresh N Lean owed $76,562.50 through March 2024.

18. At all times between February 2023 and the present, Fresh N Lean has placed its property for warehousing at Emerald Isle North.

19. On July 8, 2024, Fresh N Lean initiated this proceeding in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to

Chapter 7 of the Bankruptcy Code. Pursuant to Section 362(a) of the Bankruptcy Code, Fresh N Lean's filing of the voluntary bankruptcy petition gives rise to an automatic stay.

20. After Fresh N Lean's bankruptcy filing, Emerald Isle North received contact from representatives of two third parties (2 Industrial Drive, LLC and Pathward, National Association) claiming to own certain of the goods and equipment warehoused with Emerald Isle North.

21. To be clear, Emerald Isle North has not been paid for warehousing the goods and equipment pursuant to the terms of the Warehousing Agreement for most of 2023 and all of 2024.

22. As of the present time, the subject goods and equipment is either abandoned and/or is subject to a warehouse lien in favor of Emerald Isle North in an amount equal to all monies owed. 13 Pa. C.S.A. § 7209.

23. Emerald Isle North respectfully seeks relief from automatic bankruptcy stay to the extent applicable so that it may exercise its right to treat the goods and equipment as abandoned and/or to exercise its warehouse lien under Pennsylvania law.

24. The Chapter 7 Trustee has failed to assume the Warehousing Agreement pursuant to 11 U.S.C. § 365.

5

25. The Chapter 7 Trustee has failed to tender any form of adequate protection to Emerald Isle North for the continued use and occupancy of the property.

26. Cause exists under 11 U.S.C. § 363 for relief from the automatic stay.

27. Emerald Isle North has suffered harm and will continue to suffer harm if it is prevented from exercising its state law rights and remedies.

28. Emerald Isle North requests that the fourteen day stay of any order granting relief from stay be waived to permit Movant to immediately exercise its state law rights and remedies.

WHEREFORE, Emerald Isle North, LLC seeks relief from the automatic stay to assert its rights as the holder of a warehouse lien against the debtor and/or as the possessor of abandoned goods and equipment.

Respectfully submitted,

/s/ John B. Dempsey
John B. Dempsey

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503

/s/ John J. Martin
John J. Martin

Law Offices of John J. Martin
1022 Court Street
Honesdale, PA 18431

*Counsel for Emerald Isle North, LLC*

Dated: November 8, 2024