# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Nutrition Corp, Inc., dba FreshNLean,<br><br>Debtor. | Chapter 7<br><br>Case No. 1:24-bk-01672-HWV |

**CHAPTER 7 TRUSTEE'S AMENDED MOTION FOR AN ORDER AUTHORIZING EXAMINATION OF 2 INDUSTRIAL DRIVE, LLC AND SERVICE OF SUBPOENA FOR THE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Kara Katherine Gendron, in her capacity as the chapter 7 trustee (the "Trustee") for the above-captioned debtor, Nutrition Corp, Inc., d/b/a FreshNLean ("FNL" or "Debtor"), by and through her undersigned counsel, files this amended motion (the "Amended Motion") pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Local Rules"), for the entry of an order, substantially in the form attached to this Amended Motion as **Exhibit A** (the "Proposed Order"), (a) directing 2 Industrial Drive, LLC. (the "Respondent") to produce all responsive documents and other materials with regard to the requests attached hereto as **Exhibit B** (the "Document Requests"), by no later than **April 15, 2025 at 5:00 p.m. (Eastern),** (b) requiring Respondent to appear for an oral examination on **May 20, 2025 at 10:00 a.m. (Eastern)** to be held at mutually agreeable location, and (c) granting such other and further relief as this Court deems just and appropriate. In support of the Amended Motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Trustee seeks to examine the Respondent to ensure assets belonging to the Debtor's estate are preserved or recovered for benefit of creditors.

2. The Trustee believes that estate assets were improperly retained or transferred prepetition and continue to be improperly depleted postpetition. In order to gain a clearer picture of the Debtor's financial affairs and assets, the Trustee therefore seeks permission from the Court to require Respondent to produce documents and information in response to Trustee's Document Requests.

3. Respondent had a long-standing relationship with Debtor as the landlord to Debtor's Moosic, Pennsylvania production facility (the "Facility"). Respondent also engaged in discussions with FreshRealm, Inc. ("FreshRealm") to take over Debtor's lease. As such, the Trustee requests that Respondent produce documents regarding: (i) its business relationship with Debtor; (ii) its contracts, lease agreements, and transactions regarding the Facility; (iii) its discussions with Debtor and FreshRealm regarding the Facility; and (iv) any property of Debtor that Respondent retained.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory predicates for the relief requested herein are Sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 9016, and L.B.R. 2004-1.

## BACKGROUND

6. On July 8, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Court").

7. On July 11, 2024, Kara Katherine Gendron was duly appointed as the Trustee of the Debtor's bankruptcy estate and continues to act in such capacity.

8. FNL's parent, Nutrition Corp Holdco, Inc., commenced its own bankruptcy proceeding in this Court on July 8, 2024 (Case No. 1:24-bk-01673-HWV). On February 17, 2025, the Court entered a Final Decree in this case [Dkt. No. 49] closing the case and discharging Ms. Gendron as Trustee with respect to Debtor's parent company.

9. Prior to the Petition Date, the Debtor was engaged in the meal preparation business. Debtor prepared and delivered organically sourced, fresh meals to individual consumers nationwide. Debtor's meals were delivered ready to eat without any needed preparation.

10. Debtor maintained its Facility at 4135 Birney Avenue, Moosic, Pennsylvania 18507 and maintained administrative offices at 333 N Euclid Way, Anaheim, CA 92801.

11. Debtor began facing financial difficulties and became unable to fund its operations without outside financing. The Debtor's prior board of directors was replaced with an independent director, and the independent director retained a Chief Restructuring Officer to assist with the Debtor's restructuring efforts. Debtor failed to find a financing solution and it could not fund payroll. As a result, Debtor filed this Petition.

12. As of the Petition Date, FNL is no longer operating its business, and the Trustee is in the process of administering the estate.

13. On September 3, 2024, the secured lender to Debtor, BSAC1, LLC d/b/a FNL II, LLC ("Lender"), moved for relief from the automatic stay in order to liquidate certain perishable assets used in Debtor's business with the intent of remitting the proceeds received from the sale of the perishable assets to the Trustee to administer the estate [Dkt. No. 48] (the "Initial Relief Stay Motion"). On September 5, 2024, the Court granted Lender's Initial Relief Stay Motion [Dkt. No.

53]. Although Lender intended to remit proceeds derived from the sale of perishable assets, Lender filed a notice of inability to perform on November 21, 2024 [Dkt. No. 79] after the third-party purchaser informed Lender that due to improper packaging, the goods were damaged and valueless.

14. On September 30, 2024, the Lender filed a second motion for relief from the automatic stay. The second motion sought leave so that it could acquire possession of the Debtor's intellectual property from the Trustee. The Lender's second motion was granted on October 8, 2024 [Dkt. No. 75].

15. On November 27, 2024, and in connection with an agreement reached between Lender and Trustee, the Trustee filed her application to employ ArentFox Schiff LLP and Barley Snyder LLP as special counsel for the purpose of prosecuting actions on behalf of the bankruptcy estate [Dkt. No. 85] (the "Application"), and brief in support of such Application on December 27, 2024 [Dkt. No. 95]. The Court granted the Application on January 7, 2025 [Dkt. No. 98].

16. The Trustee now seeks information to aid in the administration of the estate and potential prosecution of actions against third parties.

## RELIEF REQUESTED

17. By this Amended Motion and pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, the Trustee respectfully requests entry of an order (a) directing Respondent to produce all responsive documents and other materials with regard to the Document Requests by no later than **April 15, 2025 at 5:00 p.m. (Eastern)**, (b) requiring Respondent to appear for an oral examination on **May 20, 2025 at 10:00 a.m. (Eastern)** to be held at mutually agreeable location, and (c) granting such other and further relief as this Court deems just and appropriate.

4

## BASIS FOR RELIEF

18. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004 (a). Under Rule 2004, a party in interest can seek information as to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration or the debtor's estate, or to the debtor's right to discharge." Fed. R. Bankr. P. 2004(b).

19. Rule 2004 examinations are utilized to discover the nature and extent of the bankruptcy estate so that the debtor's assets can be distributed for the benefit of its creditors. *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (explaining that the purpose of Rule 2004 is "to allow a trustee . . . to discover and investigate how to bring to light possession of assets of the debtor which might be intentionally concealed or overlooked in ignorance or haste"). To enable the trustee to achieve that goal, the trustee is permitted to examine debtors or third parties with knowledge of the debtor's affairs on a broad scope of subjects. *Id.* Legitimate goals of Rule 2004 examinations can include discovering assets, examining transactions, and assessing potential wrongdoing. *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (quoting *In re Washington Mutual, Inc.*¸ 408 B.R. 45, 50 (Bankr. D. Del. 2009)).

20. "'Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute,' the scope of Rule 2004 is broad and unfettered, and has been likened to a 'fishing expedition' and 'an inquisition.'" *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (citing *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010)); *see also In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008).

21. Despite the broad scope of Rule 2004, there are limits to the trustee's ability to conduct an examination. For a court to grant examination under Rule 2004, the trustee seeking to conduct the examination must first show "good cause" for the examination. *In re Millennium Labs Holdings II, LLC*, 562 B.R. at 627. Good cause is generally established if the examination is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id.* The decision whether to grant the examination is subject to the discretion of the court. *In re DeWitt*, 608 B.R. 794, 798 (Bankr. W.D. Pa. 2019). However, the court must balance the "competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Millennium Labs Holdings II, LLC*, 562 B.R. at 626; *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

22. Here, the Trustee seeks to examine 2 Industrial Drive, the landlord of Debtor's production facility. Respondent's long-standing relationship with Debtor provided it with historical information regarding Debtor's business and operation of its Facility. Additionally, good cause exists to grant this Amended Motion because the proposed discovery will benefit all creditors and parties in interest by allowing the Trustee to develop a more thorough and accurate record of the Debtor's assets, liabilities, and financial transactions.

23. The need for a more thorough investigation of the Debtor is necessary because there is a lack of clarity regarding the relationship between the Debtor and Respondent. For example, the Trustee is unaware of the circumstances regarding the discussions Respondent had with the Debtor that resulted in Respondent conversing directly with FreshRealm to take over the lease at the Facility. This could have impacted the assets available to the creditors on the Petition Date.

24. The Trustee is in the process of determining whether assets belonging to the estate were depleted or converted. For example, in the 90-days preceding the Petition Date, Debtor paid Respondent nearly $200,000. Without more information, the Trustee is unable to determine whether those payments were proper rental payments under a lease agreement for the Facility. A Rule 2004 examination is necessary so the Trustee can collect information and documents from Respondent for the purpose of reaching such conclusion and further administering the bankruptcy estate. The Trustee will then be able to effectively assess what claims, if any, the Trustee may have against Respondent or other parties. This Rule 2004 examination will provide a benefit to creditors and the estate that far outweighs any burden it might impose on Respondent and warrants the granting of this Amended Motion.

## RESERVATION OF RIGHTS

25. The Trustee reserves any and all rights she may have to bring additional motions or proceedings in this case, including to compel discovery of any other parties and to seek further discovery from Respondent in accordance with Bankruptcy Rule 2004 and Local Rule 2004-1.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the Proposed Order (a) directing Respondent to produce all responsive documents and other materials with regard to the Document Requests by no later than **March 24, 2025 at 5:00 p.m. (Eastern)**, (b) requiring Respondent to appear for an oral examination on **April 17, 2025 at 10:00 a.m. (Eastern)** to be held at mutually agreeable location, and (c) granting such other and further relief as this Court deems just and appropriate.

*[Signature page to follow.]*

Dated: March 18, 2025

        */s/ Stephanie DiVittore*
        Stephanie DiVittore
        **BARLEY SNYDER LLP**
        213 Market Street, 12th Floor
        Harrisburg, PA 17101
        Tel: (717) 231-6603
        sdivittore@barley.com

        and

        */s/ Scott B. Lepene*
        Scott B. Lepene
        **ARENTFOX SCHIFF LLP**
        1301 Avenue of the Americas, 42nd Floor
        New York, NY 10019
        Tel: (212) 484-3900
        Scott.Lepene@afslaw.com

        *Special Counsel to Kara Katherine Gendron, in her capacity as the Trustee*

8

AFSDOCS:301714387.2

Case 1:24-bk-01672-HWV    Doc 121    Filed 03/18/25    Entered 03/18/25 13:40:19    Desc
Main Document    Page 8 of 8